## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
## COURT FILE NO.: _____

_____

TARA STRAND,

               Plaintiff,                         **COMPLAINT**

v.

                                       **JURY TRIAL DEMANDED**

DIVERSIFIED CONSULTANTS, INC.,

               Defendant.

_____

### INTRODUCTION

1. This action arises from Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA" herein), 15 U.S.C. § 1692 *et seq.*

2. The term "consumer" as used in this Complaint means any natural person obligated or allegedly obligated to pay any debt. Section 803(3) of the FDCPA, 15 U.S.C. § 1692a(3).

3. The term "debt" as used in this Complaint means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. Section 803(5) of the FDCPA, 15 U.S.C. § 1692a(5).

4. The term "debt collector" as used in this Complaint means any person who uses any instrumentality of interstate commerce or the mails in any business

the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

5.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

6.  Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

### Plaintiff

7.  Plaintiff Tara Strand (hereinafter "Plaintiff"), is a natural person residing in the County of Washington, State of Minnesota, and is a "consumer" as that term is defined by Section 803(3) of the FDCPA, 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under Section 803 of the FDCPA, 15 U.S.C. 1692k(a).

### Defendant

8.  Defendant Diversified Consultants, Inc. (hereinafter, "Defendant") is a Florida corporation with its principal place of business located at 10550 Deerwood Park Blvd., Ste. 309, Jacksonville, FL 32256.

2

9.      Defendant is a "debt collector," as defined in Section 803(6) of the FDCPA,
        15 U.S.C. § 1692a(6).

### FACTUAL SUMMARY

10.     Sometime prior to November 2012, upon information and belief, Plaintiff
        incurred a financial obligation that upon information and belief was primarily
        for personal, family or household purposes, and is therefore a "debt" as that
        term is defined by Section 803(5) of the FDCPA, 15 U.S.C. § 1692a(5).

11.     Sometime thereafter, the alleged debt was consigned, placed or otherwise
        transferred to Defendant for collection.

12.     On November 28, 2012, Plaintiff received a telephone call on her cellular
        phone from Defendant attempting to collect on the alleged debt. Defendant's
        call is a "communication" as that term is defined by Section 803 of the
        FDCPA, 15 U.S.C. § 1692a(2).

13.     Defendant stated the alleged debt was with AT&T.

14.     Plaintiff stated that the issue would need to be discussed with her husband
        due to AT&T's previous mistakes with Plaintiff's bill.

15.     Defendant demanded Plaintiff make a payment over the phone. Plaintiff
        stated she was disputing the debt and that she would look into the alleged
        debt before agreeing to any payment with Defendant.

16.     Defendant responded that it was reviewing Plaintiff's credit, that Defendant
        was a credit reporting agency, and asked Plaintiff if she wanted to take care
        of the debt before it affects her credit.

3

17.   Plaintiff replied she had thirty (30) days to dispute the debt. Defendant then provided Plaintiff with contact information for AT&T.

18.   Later on November 28, 2012, Plaintiff called AT&T and inquired whether she had an outstanding balance. AT&T confirmed that there was no outstanding balance owed.

19.   After speaking with AT&T, Plaintiff called Defendant and spoke with a supervisor. Plaintiff explained what had occurred in Plaintiff's earlier conversation with Defendant's collection agent. Defendant's supervisor stated that Defendant does not do credit reporting and that Defendant did not have a copy of Plaintiff's credit report to review.

### Violations of The Fair Debt Collection Practices Act

20.   Defendant's collector threatened to report Plaintiff's alleged debt to the credit reporting bureaus. Defendant's supervisor stated that Defendant did not make credit reports. Defendant therefore made a threat to take action that was not intended to be taken in an effort to induce payment of the alleged debt. Defendant is in violation of Section 807 of the FDCPA, 15 U.S.C. §§ 1692e, 1692e(5), 1692e(8), and 1692e(10).

21.   Defendant's collector falsely stated Defendant was a credit reporting agency, violating Section 807 of the FDCPA, 15 U.S.C. §§ 1692e, 1692e(10), and 1692e(16).

22.   Plaintiff confirmed with the original creditor that no outstanding balance remained on Plaintiff's account. Defendant's attempts to collect the alleged

debt when no money was actually owed is an attempt to collect an amount not authorized by the agreement creating the debt or permitted by law, violating Section 808 of the FDCPA, 15 U.S.C. §§ 1692f and 1692f(1).

### Actual Damages

23.   Plaintiff suffered actual damages under the FDCPA in the form of nervousness and migraines.

### Respondeat Superior Liability

24.   The acts and omissions of Defendant, and/or the other debt collectors employed as agents by Defendant who communicated with Plaintiff- further described herein- were committed within the time and space limits of their agency relationship with their principal, Defendant.

25.   The acts and omissions by Defendant and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

26.   By committing these acts and omissions against Plaintiff, Defendant and these other debt collectors were motivated to benefit their principal, Defendant.

27.   Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including but not limited

to violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiff.

*Summary*

28.     The above-detailed conduct by Defendant was a violation of numerous and multiple provisions of the FDCPA, including but not limited to the provisions of the FDCPA identified above.

29.     Defendant's negligent and/or intentional acts resulted in the violation of numerous provisions of federal law and resulted in actual damages to the Plaintiff.

**<u>TRIAL BY JURY</u>**

30.     Plaintiff is entitled to and hereby respectfully demands a trial by jury.  U.S. Const. amend. 7.  Fed.R.Civ.P. 38.

**<u>CAUSES OF ACTION</u>**

**COUNT I**
**VIOLATIONS OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692 et seq.**

31.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32.     The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

6

33.     As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to
        actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an
        amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and
        reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3),
        from Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

34.     For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against
        Defendant and for Plaintiff;

35.     For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C.
        §1692k(a)(2)(A) against Defendant and for Plaintiff; and

36.     For an award of costs of litigation and reasonable attorney's fees pursuant to 15
        U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff.

Respectfully submitted,

Dated:  January 8, 2013          MARTINEAU, GONKO & VAVRECK, PLLC


 s/ Mark L. Vavreck                                    .
Mark L. Vavreck, Esq.
Bar Number #0318619
Attorney for Plaintiff
Martineau, Gonko & Vavreck, PLLC
Designers Guild Building
401 North Third Street, Suite 600
Minneapolis, MN 55401
Telephone:  (612) 659-9500
Facsimile:   (612) 659-9220
mvavreck@mgvlawfirm.com