UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Tara Strand,

        Plaintiff,

    vs.                         **PRETRIAL NOTICE AND ORDER**

Diversified Consultants, Inc.,

        Defendant.                 Civ. No. 13-76 (RHK/LIB)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### NOTICE TO COUNSEL

       **Counsel should be aware and anticipate that the method to be used for the resolution of most discovery issue disputes and all other non-dispositive motions is presumed to be by "formal" motion practice.  See, <u>Local Rule 7.1 - Civil Motion Practice - of the Local Rules for the District Court of Minnesota.</u>**

       **Counsel should also be aware and anticipate that pretrial conferences, "formal" motion practice, any other matter that needs to be conducted in open court upon the record, and settlement conferences will all be scheduled for and take place in the Federal Courthouse for the Division where the case is venued except that all 3rd and 4th Division case proceedings will be held at the Federal Courthouse in Minneapolis, MN, unless otherwise notified.**

\* \* \* \* \* \* \* \* \* \* \*

    In accordance with the provisions of Rules 16 and 26 of the Federal Rules of Civil Procedure,

in conformity with the Civil Justice Reform Act Implementation Plan for the District of Minnesota,

which was adopted by Order dated August 23, 1993, and pursuant to the Electronic Case Filing

Procedures for the District of Minnesota/Civil authorized by Order dated May 13, 2004, a Pretrial

Conference in this matter is set for **9:30 a.m., on Tuesday, May 7, 2013**, before United States

Magistrate Judge Leo I. Brisbois, in Courtroom No. 8E, United States Courthouse, 300 South Fourth

St., Minneapolis, Minnesota. In order to facilitate matters, it is --

ORDERED:

1.      Unless otherwise directed, counsel for the parties shall confer no later than fourteen

(14) days prior to the date of the Pretrial Conference for the purpose of:

      a.      Preparing an agenda of matters to be discussed at the

Pretrial Conference.

      b.      Preparing a joint proposed Pretrial Schedule for the

case that shall include a plan for discovery setting forth specific

parameters for anticipated discovery, including the number of

depositions, the volume of documents expected to be produced, the

volume of written discovery, and the extent of expert discovery.

      c.      Preparing a joint plan to control excessive litigation

costs and delays. Such a plan shall include such matters as focusing

the initial discovery on preliminary issues that might be case

dispositive, instituting document control and retrieval mechanisms to

contain costs, stipulating to facts to eliminate unnecessary discovery,

adopting procedures for orderly discovery, and scheduling alternating

periods for party discovery and any other matters counsel may agree

upon to control excessive litigation costs and delays.

d.      Preparing a schedule to submit to the Magistrate Judge

for the Pretrial Conference which sets forth suggested time periods

for fact discovery, for the joinder of parties and for expert discovery;

cut-off dates for both nondispositive and dispositive Motions; and a

trial readiness date.

e.      Considering whether or not they will consent to trial

by the Magistrate Judge.  If consent is given, specify preferred date

certain for trial setting.  [**Date is subject to confirmance by the**

**Magistrate Judge's calendar clerk**.] Consent by the parties to trial

by the Magistrate Judge may be given at a future time as well.

**Counsel's attention is drawn to the attached Pretrial Scheduling Order form which is to be**

**followed in submitting the Proposed Joint Pretrial Scheduling Order.  The Proposed Pretrial**

**Scheduling Order shall be submitted to Magistrate Judge Leo I. Brisbois at e-mail address:**

**brisbois_chambers@mnd.uscourts.gov**.

2.      After counsel have met and conferred on the matters set forth above, they will submit

a joint statement setting forth each of the matters agreed upon at least **three (3) business days** prior

to the Pretrial Conference.  To the extent that counsel cannot agree upon any of the items set forth

in Paragraph 1 above, then each party shall submit its own proposal for each item for review by the

Magistrate Judge.

3.      In addition to the foregoing, at least three (3) days prior to the Pretrial Conference,

the Defendant(s) shall advise the Plaintiff(s) of any applicable insurance coverage and the limits of

the same, and, if the Plaintiff has placed a medical condition, physical or mental, into controversy, then the Plaintiff shall provide a listing of all pertinent treating physicians, if any, and duly executed Medical Authorizations. See, O'Sullivan v. State of Minnesota, 176 F.R.D. 325 (D. Minn. 1997). Each party shall also submit, by no later than **three (3) business days** prior to the Pretrial Conference, a concise statement of the party's version of the facts of the case; a listing of particularized facts which support the claimed liability or defenses, including any applicable statutes as identified by number; and an itemization and explanation of any claimed damages. **This Statement of the Case is to be signed by counsel and filed pursuant to the Electronic Case Filing Procedures of the District of Minnesota and served on opposing counsel**.

4.      In addition, subjects contemplated by Rule 16(c), Federal Rules of Civil Procedure, will be discussed. Without limiting the generality of the foregoing, in advance of the Pretrial Conference the parties should consider: 1) Limitations and restrictions on expert testimony; 2) The appropriateness and timing of Summary Judgment; 3) The control and scheduling of discovery; 4) Resort to alternative dispute resolution techniques; 5) Reasonable limits on the time allowed for presenting evidence at trial; and 6) **COUNSEL ARE EXPRESSLY DIRECTED TO SERIOUSLY DISCUSS SETTLEMENT AT THE TIME OF THE "MEET AND CONFER." THE RESULTS OF THAT DISCUSSION SHALL BE REPORTED TO THE COURT AT THE TIME OF THE INITIAL PRETRIAL CONFERENCE**.

5.      Following the Pretrial Conference, an Order establishing a schedule for all Pretrial proceedings, and such other matters as contemplated by Rule 16, shall be entered.

6.      This Pretrial Conference will not be continued pursuant to an independent Stipulation or agreement of counsel or by an informal unilateral application by a party.  A continuance will be granted **only** by this Court and **only** for good cause shown.  However, the right to act upon a request for a continuance of the Pretrial Conference, <u>ex parte</u>, if exigent circumstances so warrant, is reserved.

7.      Counsel's attention is specifically drawn to the provisions of Rule 16(f), Federal Rules of Civil Procedure.

BY THE COURT:


DATED: April 8, 2013                    s/Leo I. Brisbois
                                        Leo I. Brisbois
                                        U.S. MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff,

vs.                                                                     PRETRIAL SCHEDULING ORDER

Defendant.                                                          Civ. No. 13-    (RHK/LIB)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Pursuant to Pretrial Conference convened on _____, 2013, and in accordance with

provisions of Rule 16, Federal Rules of Civil Procedure, and the Local Rules of this Court, to

administer the course of this litigation in a manner which promotes the interests of justice, economy

and judicial efficiency, the following Schedule will govern these proceedings.[1]  **The Schedule may**

**be modified only upon formal Motion and a showing of good cause as required by Local Rule**

**16.3**.

**Counsel shall also comply with the Electronic Case Filing Procedures for the District**

**of Minnesota, pursuant to Order Adopting Electronic Case Filing, dated May 13, 2004**.

THEREFORE, It is --

ORDERED:

---

[1]**Pursuant to the directive of the Honorable Richard H. Kyle, all deadlines are to be the 1st day of the month, even if the 1st falls on a weekend or Holiday.**

I.

That all pre-discovery disclosures required by Rule 26(a)(1) shall be completed on or before

**[INSERT DATE]**.  The period during which the parties may conduct discovery shall terminate on

**[INSERT DATE]**.[2]  Disputes with regard to pre-discovery disclosures or discovery shall be called

immediately to the Court's attention by the making of an appropriate Motion, and shall not be relied

upon by any party as a justification for not adhering to this Pretrial Scheduling Order.  No further

or additional discovery shall be permitted after the above date except by leave of the Court for good

cause shown, and independent Stipulations or agreements between counsel which contravene the

provisions of this Order will not be recognized.  However, upon agreement of counsel, or with leave

of the Court, depositions in lieu of in-Court testimony may be taken after the close of discovery.

II.

That all Motions which seek to amend the pleadings or add parties must be filed and the

Hearing thereon completed on or before **[INSERT DATE]**.[3]

III.

That all other nondispositive Motions shall be filed and the Hearing thereon completed prior

to **[INSERT DATE - this date should be 30 days after the discovery deadline]**, by calling

---

[2]See, Local Rule 16.2(d)(3) of the United States District Court for the District of Minnesota Local Rules.  **Once a discovery deadline is established, parties must have a valid reason to change it. Contact Judge Richard H. Kyle's Chambers before changing dispositive or Trial dates.**

[3]This deadline does not apply to motions to amend pleadings to assert a claim for punitive damages.  Motions which seek to assert claims for punitive damages must be filed and the Hearing thereon completed prior to the discovery deadline in Paragraph I.

Victoria L. Miller, Calendar Clerk for Magistrate Judge Leo I. Brisbois.  All nondispositive Motions

shall be scheduled, filed and served in compliance with Local Rule 7.1(a) and (b) and the Electronic

Case Filing Procedures for the District of Minnesota.  No discovery Motion shall be heard unless the

moving party complies with the requirements of Local Rule 37.1.

IV.

That no more than **[INSERT NUMBER]** Interrogatories (counted in accordance with Rule

33(a), Federal Rules of Civil Procedure), shall be served by any party.

V.

That no more than **[INSERT NUMBER]** depositions (excluding expert depositions) shall

be taken by any party without prior Order of the Court.

VI.

That within the foregoing period allotted for discovery, but no later than the dates set forth

below, the parties shall retain and disclose to opposing counsel all persons they intend to call as

expert witnesses at trial.  Each party's disclosure shall identify each expert and state the subject

matter on which the expert is expected to testify.  The disclosure shall be accompanied by a written

report prepared and signed by the expert witness.  As required by Rule 26(a)(2)(B), Federal Rules

of Civil Procedure, the report shall contain:

> a.　　The qualifications of the witness, including a list of all
> publications authored by the witness within the preceding 10 years;
>
> b.　　The compensation to be paid for the study and testimony;
>
> c.　　A listing of any other cases in which the witness has testified
> as an expert at trial or by deposition within the preceding four years;

d.      A complete statement of all opinions to be expressed and the basis and reasons therefor;

e.      The data or other information considered by the witness in forming the opinions; and

f.      Any exhibits to be used as a summary of or support for the opinions.

The Plaintiff's disclosures shall be made on or before **[INSERT DATE]**.  The Defendant's disclosures shall be made on or before **[INSERT DATE]**.

VII.

That the parties [**do**] [**do not**] contemplate taking expert depositions.  No more than **[INSERT NUMBER]** experts may be deposed by any party without prior Order of the Court.

VIII.

That each party shall fully supplement all discovery responses according to the Federal Rules of Civil Procedure.  Any evidence responsive to a discovery request which has not been disclosed on or before the discovery cutoff or other dates established herein, except for good cause shown, shall be excluded from evidence at trial.

IX.

That all dispositive Motions shall be served, filed and **HEARD** on or before **[INSERT DATE - this date should be 30 days after the date for non-dispositive motions/Paragraph III]**. Notwithstanding the provisions of Local Rules 7.1(c)-(d), the following procedures shall apply to

the dispositive-motion[4] practice in this case:

    1.    The moving party shall first contact the Court's calendar clerk, Deb Siebrecht, at (651) 848-1166, to secure a hearing date at least 42 days in the future. Once the moving party has secured a hearing date, it shall promptly file a notice of motion informing all parties of the nature of the motion and the date, time, and location of the hearing;

    2.    The moving party shall serve and file the following documents at least 42 days before the scheduled hearing: (a) motion; (b) memorandum of law; and (c) affidavits and exhibits;[5]

    3.    The responding party shall serve and file the following documents at least 21 days before the hearing: (a) memorandum of law; and (b) affidavits and exhibits;

    4.    The moving party may serve and file a reply memorandum of law at least 14 days before the hearing. A reply memorandum shall not raise new grounds for relief or present matters that do not relate to the response;

    5.    If the Court *sua sponte* cancels the hearing or continues the

---

[3]    The following are deemed dispositive motions under this Order: motions for preliminary or permanent injunctive relief, including motions for temporary restraining orders; motions to dismiss, for judgment on the pleadings, or for summary judgment; motions to certify a class action; motions to exclude expert testimony under Daubert v. Merrill Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), and/or Federal Rule of Evidence 702; motions to remand or transfer; and motions to compel arbitration. A party moving for a temporary restraining order must file and serve its motion papers, in addition to the Summons and Complaint, on the proposed-enjoined party before the Court will entertain the motion. In addition, a motion for a temporary restraining order is not subject to the 42-day rule set forth below; rather, the calendar clerk will advise the parties of the hearing date and briefing schedule. All motions for injunctive relief and motions to exclude expert testimony will be handled without live witness testimony absent advance permission from the Court.

[5]    Parties need not submit proposed orders with Motions.

hearing date, all subsequently filed motion papers must be served as if the original hearing date were still in effect, unless otherwise directed by the Court; and

6.      Parties need not meet and confer, as required under Local Rule 7.1(a), in advance of filing a dispositive motion, although they are encouraged to do so to attempt to narrow the issues presented to the Court.

All other provisions in Local Rule 7.1 are unaffected by this Order and remain applicable, including the word limitations in Rule 7.1(f).

X.

That this case shall be ready for Trial on **[INSERT DATE[6] -this date should be three (3) months after the date for dispositive motions/Paragraph IX]**, or 30 days after the Court renders its Order on any dispositive Motion (whichever is later), at which time the case will be placed on the Court's **[Jury] [non-Jury]** Trial calendar.  That the anticipated length of Trial is **[INSERT DATE of NUMBER of days/weeks]**.

BY THE COURT:

DATED:                                                    _____
                                                          Leo I. Brisbois
                                                          U.S. MAGISTRATE JUDGE

---

[6]**THIS DATE IS NOT A TRIAL SETTING DATE**.  The parties will be notified by the Calendar Clerk of the assigned Judge to a case by way of a Notice of Trial as to when this case will be placed on the Trial Calendar.  The above date is merely a notice to all parties to consider the case ready for trial as of this date.  **DO NOT PREPARE FOR TRIAL UNTIL NOTIFIED**.